IN THE UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF WISCONSIN
_____

ALLEN SORENSON,

                    Plaintiff,

and

WISCONsin DEPARTMENT OF HEALTH
SERVICES,                                                    ORDER

                    Involuntary plaintiff,                   19-cv-753-jdp

    v.

WAL-MART STORES, INC.,

                    Defendant.
_____

     Plaintiff Allen Sorenson alleges that he was injured in a slip-and-fall at Walmart. He filed suit against Walmart in the circuit court for Marathon County, Wisconsin. Walmart removed the case to this court, asserting diversity under 28 U.S.C. § 1332 as the basis for federal jurisdiction. According to Walmart, this court has jurisdiction because Sorenson and involuntary plaintiff Wisconsin Department of Health Services (a nominal party) are citizens of Wisconsin, Walmart is a citizen of Delaware and Arkansas, and the amount in controversy exceeds $75,000. Dkt. 1, at 2. Sorenson has filed a "brief in opposition to the defendant's notice of removal," Dkt. 2, which the court will construe as a motion to remand the case to state court.

     Sorenson makes two assertions in his motion for remand. First, he says that "[d]iscovery may reveal other parties who need to be brought into this litigation that would ultimately defeat diversity." Dkt. 2, at 1. Speculation about potential future parties is not a valid basis for

remand. Diversity of citizenship is assessed at the time of filing. *Grupo v. Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004). At the time this case was filed, the parties were diverse. If Sorenson seeks to join non-diverse defendants at some later time, the court will reconsider the jurisdictional issue under 28 U.S.C § 1447(e).

Second, Sorenson asserts that it is "undetermined if the $75,000 threshold has been met yet." Dkt. 2, at 2. Walmart, as the party invoking federal jurisdiction, has the burden of establishing that the amount in controversy meets the jurisdictional minimum. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Because Sorenson did not make a specific monetary demand in his complaint, Walmart must provide a good-faith estimate of the amount in controversy. In its notice of removal, Walmart relies on Sorenson's allegation that he suffered "serious injuries" which have resulted in medical expense, lost wages, pain and suffering, and may result in "permanent disability." Dkt. 1-1, ¶ 6. The court is satisfied that Walmart has adequate support for a good-faith estimate that the amount in controversy satisfies the jurisdictional amount.

When the factual allegations supporting the amount in controversy are challenged, the removing defendant asserting federal jurisdiction has to prove those allegations by a preponderance of the evidence, at an evidentiary hearing if necessary. *Sadowski*, 441 F.3d at 541–42. Once the factual disputes have been resolved, a plaintiff can defeat jurisdiction only by showing that it is legally certain that value of the claim is less than the jurisdictional minimum. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938); *Sadowski*, 441 F.3d at 541. Uncertainty about whether the plaintiff will prevail or uncertainty about the amount of the ultimate recovery provides no basis to challenge the court's jurisdiction. *Id.* at 543.

In this case, Sorenson has not challenged the factual basis of Walmart's good-faith estimate of the amount in controversy. Sorensen says only this:

> It is undetermined if the $75,000 threshold has been met yet. The plaintiff's medical expenses that have been received by plaintiff's counsel to date total $1,708.00 and his wage loss claim is yet to be determined. These sums are rising.

Dkt. 2, at 2. Sorenson does not disavow the allegation that he has suffered a serious injury that might be permanently disabling. He does not disclaim any attempt to recover more than $75,000. He concedes that his claim for wages has not been determined, and he says nothing about the amount he is seeking for pain and suffering. As in any case, whether Sorenson will prevail and the amount of his ultimate recovery is uncertain. But that type of uncertainty does not deprive the court of diversity jurisdiction, and it provides no basis to remand the case to state court.

ORDER

IT IS ORDERED that plaintiff Allen Sorenson's motion to remand, Dkt. 2, is DENIED.

Entered September 26, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge